

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~JOHN BEN SHEPPERD~~
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Mr. Tom C. King
State Auditor
Austin, Texas

Dear Sir:

Opinion No. 0-550
Re: Appropriation Bill 45th Legis-
lature, 1937, Sec. 2(a) — Institu-
tional Receipts -- Board of Control
purchases.

We have your letter of November 9, 1939, requesting an opinion upon the following questions:

"(1) Is the requirement that supplies and equip-
ment for such institutions be purchased through the
Board of Control equally applicable to such purchases
as are paid for out of institutional receipts, under
the authority of said Section 2(a) of the Appropriation
Act?

"(2) Is the exception to that requirement, relat-
ing to 'strictly perishable goods', the only exception
now in force, other than that inquired of in the next
question?

"(3) Does the last sentence of said Subsection 13
in the appropriation Act serve to take such institutions
out of its operation to the extent that they are thereby
empowered to contract for printing and stationery to be
used for administrative purposes, and not to be used or
processed in any way by their own printing plant?"

We beg to advise that your first question should be answered "yes."

Section 2(a) of the General Appropriation Act (45th Leg., Gen. Ses. p. 941) declares:

"That all balances in the institutional funds of
the several State institutions named in this Act, at
the close of the fiscal year ending August 31, 1937,
including balances in their revolving funds at that
time, and the entire income to said funds during each
of the two fiscal years ending August 31, 1938, and
August 31, 1939, which are not otherwise appropriated
for either or both of said fiscal years are hereby

appropriated for the support, maintwnance, oper-
ation, and improvement of said State institutions
during each of the said fiscal years, respectively."

Article 634, R.C.S., declares:

"The Board of Control shall purchase all the
supplies used by each Department of the State Govern-
ment, including the State Prison System, and each
eleemosynary institution, Normal school, Agricultur-
al and Mechanical College, University of Texas, and
each and all other State Schools or Departments of the
State Government heretofore or hereafter created.
Such supplies to include furniture and fixtures, tech-
nical instruments and books, and all other things
required by the different departments or institutions,
except strictly perishable goods."

Article 642 further provides:

"The Board shall contract for all supplies, mer-
chandise and articles of every description needed for
the maintenance and operation of such institutions,
except those supplies designated as perishable, and
supplies of a special character, as books for libraries
and supplies for the laboratories and laboratory work
and instruction, and any special supplies for instruc-
tion, demonstration and research for educational in-
stitutions, to be designated as "Special Supplies for
Educational Institutions.' The Board shall base its
contracts upon estimates to be furnished the Board by
the superintendents, by the first of April of each year,
for the entire year."

These and other general statutes make clear the state policy
that the Board of Control shall contract for the purchase of supplies for
our State departments and institutions where special exeoeption is not
otherwise made.

So that, if Section 2(a) of the last appropriation Act could
reasonably receive the interpretation that it was contemplated such balances
should be expended in purchases by institutions, it would not require that
construction, for it would put the Appropriation Act in conflict with the
general statutes above quoted, and it is well settled that an appropriation
bill cannot repeal or impair the force of a general statute.

Your second question should likewise be answered "yes," for "strictly perishable goods" are excepted from the provisions of Article 634 above quoted.

Subsection (13) of Section 2 of the Appropriation Act referred to in your question No. 3 is as follows:

"All printing and stationery shall be purchased through the Board of Control and shall be confined to such articles and quantities as selected and contracted for by said Board, except said printing provided by law to be done by several of the State institutions. No embossed or engraved printing or stationery shall be purchased. This subsection shall not be applicable to any institution which operates its own printing plant."

The obvious purpose of this subsection is to except those State institutions that are authorized by general law to print such things, from the requirement that all printing and stationery for the State departments and institutions shall be purchased through the Board of Control. It was not meant thereby to authorize those institutions empowered to do such printing to make contract for purchase of printing and stationery to be used for administration purposes and not to be used or processed in any way by their own printing plant. In other words, the exception contained in the last sentence of Subsection (13) was meant to authorize such institutions to do printing (as by general law they have been authorized) but not to contract for the purchase of printing and stationery -- this being for the Board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

/s/ Ocie Speer
Assistant

OS:MR:egw

APPROVED NOV 17, 1939
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman